IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS WALLS,

        Plaintiff,                      No. CIV S-10-2609 GGH P

    vs.

THE CONFLICT DEFENDERS
OFFICE, et al.,

        Defendants.             ORDER
_____/

       Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

       Plaintiff alleges that his assigned counsel in his criminal matter was ineffective. While it is not entirely clear if plaintiff has been convicted of the underlying criminal matter, he does state that he has filed two writs of habeas corpus against the assigned counsel which were denied and plaintiff seeks only monetary damages in the instant action. However, plaintiff cannot obtain monetary damages and proceed with this action unless the conviction has been invalidated, expunged or reversed.

       To the extent that plaintiff sues for money damages for a wrongful conviction, those claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck,

1

an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  <u>Id</u>.

Accordingly, petitioner is ordered to show cause why this action should not be dismissed pursuant to <u>Heck</u> described above.

Moreover, criminal defense counsel are not "persons" for the purposes of § 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981).

In accordance with the above, IT IS HEREBY ORDERED that within fourteen days of the date of service of this order, petitioner shall show cause why this action should not be dismissed pursuant to <u>Heck</u>.

DATED: December 13, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB - wall2609.osc

2