IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS WALLS,

      Plaintiff,                    No. CIV S-10-2609 WBS GGH P

   vs.

THE CONFLICT DEFENDERS
OFFICE, et al.,

      Defendants.           FINDINGS & RECOMMENDATIONS
_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

        Plaintiff alleges that his assigned counsel in his criminal matter was ineffective. While it is not entirely clear if plaintiff has been convicted of the underlying criminal matter, he does state that he has filed two writs of habeas corpus against the assigned counsel which were denied and plaintiff seeks only monetary damages in the instant action. However, plaintiff cannot obtain monetary damages and proceed with this action unless the conviction has been invalidated, expunged or reversed. <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994). The undersigned ordered plaintiff to show cause why this action should not be dismissed. Plaintiff has answered the order to show cause.

        In <u>Heck</u>, an Indiana state prisoner brought a civil rights action under § 1983 for

1 damages. Claiming that state and county officials violated his constitutional rights, he sought
2 damages for improprieties in the investigation leading to his arrest, for the destruction of
3 evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").
4 Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not
5 seek injunctive relief or release from custody. The United States Supreme Court affirmed the
6 Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

13 <u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for
14 damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the
15 conviction or sentence has been invalidated, expunged or reversed. <u>Id</u>.
16       Plaintiff has failed to demonstrate that his conviction has been invalidated,
17 expunged or reversed. Therefore, this action should be dismissed.
18       In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's
19 December 23, 2010, motion (Doc. 13) be denied and this action be dismissed.
20       These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
22 days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties. Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
25 shall be served and filed within seven days after service of the objections. The parties are
26 advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 2, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
wall2609.dis